NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MICHELLE M. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation,<br><br>Plaintiff<br><br>vs.<br><br>JEANAH JEWELS LLC, a Nevada limited liability; JEANAH YOUNG, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT (2 COUNTS)**<br><br>**2. BREACH OF PERSONAL GUARANTY (2 COUNTS)** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation ("Ameris" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Ameris Bank ("Ameris" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation, with its principal place of business in the State of California, County of Orange.

2.      Defendant Jeanah Jewels LLC ("Jewels"), is, and at all times relevant to this action was, a Nevada limited liability company, with its principal place of business in the County of Clark, State of Las Vegas.

3.      Defendant Jeanah Young ("Young") (collectively with Jewels, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Clark, State of Nevada, and was a member, officer, director, agent and/or owner of Jewels.  Based on information and belief, including the Driver's License submitted by Young to Plaintiff, Young is domiciled in Las Vegas, Nevada 89117-6667.  Thus, Young is a citizen of the State of Nevada.

4.      Based on research, and upon information and belief, defendant Jewels has one member – defendant Young – who is a citizen of the State of Nevada. Thus, Jewels is a citizen of the State of Nevada.

5.      Plaintiff is informed and believes, and thereon allege, that each defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other defendants in a joint enterprise for profit and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about the foregoing, and that each defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other defendants.

1

COMPLAINT

6.     The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7.     Pursuant to each of the Equipment Financing Agreements and Personal Guaranties described herein, Defendants agreed those documents would be governed by the laws of the State of California. Each of the Equipment Financing Agreements provides, in pertinent part:

> **31. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

8.     <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9.     Specifically, as described above, Ameris is a citizen of the States of Georgia and California; Jewels and Young are each citizens of the State of Nevada. As such, neither Jewels nor Young are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10.     <u>Venue</u>.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11.     All officers of Ameris, including all witnesses, and all of Ameris' documents are located in the State of California, County of Orange.  The transactions at issue in this Action occurred in the State of California, County of Orange.

2

Salisian LLP

## FIRST CAUSE OF ACTION

### (Breach of Equipment Financing Agreement No. 1)

### (Against Jewels)

12.     Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13.     Prior to September 2025, Ameris is informed and believes that Jewels initiated and engaged with Enterprise Leasing Company (the "Equipment Vendor") located at 6855 Bermuda Rd, Las Vegas, NV 89119, in order to coordinate the acquisition and financing of certain equipment for its business ("Collateral No. 1"). The Equipment Vendor worked with Jewels in the selection of Collateral No. 1 and in coordinating its delivery.

14.     Thereafter, Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Jewels's electronic credit application to Ameris and other financial institutions. Upon review, Jewels concluded that Ameris offered agreeable terms to finance Collateral No. 1 commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Ameris the requisite signatories, documentation and financial information from Jewels to finance Collateral No. 1 being supplied by the Equipment Vendor.

15.     On or about September 10, 2025, Jewels executed Equipment Financing Agreement No. 549143-000 ("EFA No. 1"), under the terms of which Ameris loaned to Jewels the sum of Forty-Five Thousand One Hundred Five Dollars and Seventy-Five Cents ($45,105.75) to finance Collateral No. 1 for its business.  EFA No. 1 required Jewels to make twenty (20) quarterly payments of $2,950.24, payable on the 15th day of each quarter beginning December 15, 2025. A true and correct copy of EFA No. 1 is attached as **Exhibit A** and is incorporated here by reference.

Salisian LLP

COMPLAINT

16.    On or about September 11, 2025, the parties changed the quarterly payment to $3,092.33, and changed the loan amount for Collateral No. 1 to $47,273.25.  A true and correct copy of the Change Addendum is attached as **Exhibit B** and is incorporated here by reference.

17.    The last payment received by Ameris was credited toward the quarterly payment due for December 15, 2025.  Therefore, on or about March 15, 2026, Jewels breached EFA No. 1 by failing to make the quarterly payment due on that date. Jewels' failure to make timely payments is a default under the terms of EFA No. 1.

18.    In accordance with EFA No. 1, and as a proximate result of Jewels' default thereunder, Ameris declared the entire balance of the payments under EFA No. 1 to be immediately due and payable to Ameris. Therefore, there became due the sum of $58,748.57.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Jewels.

19.    Pursuant to Paragraph 20 of EFA No. 1, in the event of a default, Ameris may recover from Defendants: "… ( 1) all unpaid Quarterly Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement, discounted to its present value at a discount rate of three percent (3%) …" Ameris' calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure.  For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more.  Based upon this formula, Ameris calculated that the PV amount due totaled $54,492.33 ("PV'd Total").

20.    In addition to the PV'd Total, between the date of default and the initiation of this action, Defendants owed one (1) past due quarterly payment for

4

March 15, 2026 in the amount of $3,092.33, which was not discounted by the PV calculation in accordance with the explicit terms of EFA No. 1.  Thus, the sum of $57,584.66 remains owed to Ameris.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

21.     Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 1, except as excused or prevented by the conduct of Jewels.

22.     As a proximate result of Jewels' breach of EFA No. 1, Ameris has been damaged in the sum of **$57,584.66**, plus prejudgment interest from March 15, 2026, until the entry of judgment herein.

23.     Further, under the terms of EFA No. 1, Jewels promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 1.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs against Jewels.

24.     EFA No. 1 also provides Ameris the remedy of possession of Collateral No. 1 and to obtain an order that Ameris may, in accordance with applicable state law, sell the remaining Collateral No. 1 and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Ameris is entitled to recover the value of Collateral No. 1.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty No. 1)

### (Against Young)

25.     Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

26.     Concurrent with the execution of EFA No. 1, and in order to induce Ameris to enter into EFA No. 1 with Jewels, Young personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Ameris under the terms of EFA No. 1 ("Guaranty No. 1").  A true and correct copy

5

Salisian LLP

of the written Guaranty No. 1 signed by Young is attached as **Exhibit C** and incorporated herein by reference.

27.    Ameris has performed all the terms, conditions, and covenants required to be performed by Ameris under the terms of Guaranty No. 1, except as excused or prevented by the conduct of Young.

28.    Following a default by Jewels under the terms of EFA No. 1, Ameris demanded Young make the payments required under EFA No. 1.  Young failed to meet Guaranty No. 1 obligations and make the payments required under EFA No. 1.

29.    Pursuant to the terms of Guaranty No. 1, the sum of **$57,584.66**, plus prejudgment interest from March 15, 2026, is due and payable to Ameris from Young.  This Complaint, in addition to previous demands, shall constitute further demand upon Young to pay the entire indebtedness due and owing from Jewels to Ameris under the terms of EFA No. 1.

30.    Under the terms of Guaranty No. 1, Young promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 1 and Guaranty No. 1.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Young.

### THIRD CAUSE OF ACTION

**(Breach of Equipment Financing Agreement No. 2)**

**(Against Jewels)**

31.    Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

32.    Prior to October 2025, Ameris is informed and believes that Jewels initiated and engaged with the Equipment Vendor in order to coordinate the acquisition and financing of certain equipment for its business ("Collateral No. 2"). The Equipment Vendor worked with Jewels in the selection of Collateral No. 2 and in coordinating its delivery.

6

33.     Thereafter, Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Jewels' electronic credit application to Ameris and other financial institutions.  Upon review, Jewels concluded that Ameris offered agreeable terms to finance Collateral No. 2 commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Ameris the requisite signatories, documentation and financial information from Jewels to finance Collateral No. 2 being supplied by the Equipment Vendor.

34.     On or about October 28, 2025, Jewels executed Equipment Financing Agreement No. 549143-001 ("EFA No. 2"), under the terms of which Ameris loaned Jewels the sum of Fifty-One Thousand Eight Hundred Eleven Dollars and Seventy-Nine Cents ($51,811.79) to finance Collateral No. 2 for its business.  EFA No. 2 required Jewels to make sixty (60) monthly payments of $1,132.00, payable on the 11th day of each month beginning January 11, 2026.  A true and correct copy of EFA No. 2 is attached as **Exhibit D** and is incorporated here by reference.

35.     The last payment received by Ameris was credited toward the monthly payment due for January 11, 2026.  Therefore, on or about February 11, 2026, Jewels breached EFA No. 2 by failing to make the monthly payment due on that date.  Jewels' failure to make timely payments is a default under the terms of EFA No. 2.

36.     In accordance with EFA No. 2, and as a proximate result of Jewels' default thereunder, Ameris declared the entire balance of the payments under EFA No. 2 to be immediately due and payable to Ameris.  Therefore, there became due the sum of $66,788.00.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Jewels.

37.     Pursuant to Paragraph 20 of EFA No. 2, in the event of a default, Ameris may recover from Defendants: "… 1) all unpaid Monthly Payments and other payments, including late charges and interest, due under this Agreement then

7

Salisian LLP

accrued, plus all accelerated future payments due through the last day of the term of this Agreement, discounted to its present value at a discount rate of three percent (3 % ) …" Ameris' calculation of the 3% discount is made pursuant to a PV accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure.  For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be discounted by less, and further payments would be discounted by more.  Based upon this formula, Ameris calculated that the PV'd Total owed is $60,217.81.

38.    In addition to the PV'd Total, between the date of default and the initiation of this action, Defendants owed two (2) past due monthly payments for February 11, 2026 and March 11, 2026, in the total amount of $2,055.00, which was not discounted by the PV calculation in accordance with the explicit terms of EFA No. 2.  Thus, the sum of $62,272.81 remains owed to Ameris.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

39.    Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of EFA No. 2, except as excused or prevented by the conduct of Jewels.

40.    As a proximate result of Jewels' breach of EFA No. 2, Ameris has been damaged in the total sum of **$62,272.81**, plus prejudgment interest from February 11, 2026, until the entry of judgment herein.

41.    Further, under the terms of EFA No. 2, Jewels promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA No. 2.  Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Jewels.

42.    EFA No. 2 also provides Ameris the remedy of possession of Collateral No. 2 and to obtain an order that Ameris may, in accordance with

8

Salisian LLP

applicable state law, sell the remaining Collateral No. 2 and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Ameris is entitled to recover the value of Collateral No. 2.

## FOURTH CAUSE OF ACTION

### (Breach of Personal Guaranty No. 2)

### (Against Young)

43.     Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

44.     Concurrent with the execution of EFA No. 2, and in order to induce Ameris to enter into EFA No. 2 with Jewels, Young personally guaranteed, in writing, the payment of the then-existing and future indebtedness due and owing to Ameris under the terms of EFA No. 2 ("Guaranty No. 2"). A true and correct copy of the written Guaranty No. 2 signed by Young is attached as **Exhibit E** and incorporated herein by reference.

45.     Ameris has performed all the terms, conditions, and covenants required to be performed by Ameris under the terms of Guaranty No. 2, except as excused or prevented by the conduct of Young.

46.     Following a default by Jewels under the terms of EFA No. 2, Ameris demanded Young make the payments required under EFA No. 2. Young failed to meet Guaranty No. 2 obligations and make the payments required under EFA No. 2.

47.     Pursuant to the terms of Guaranty No. 2, the sum of **$62,272.81**, plus prejudgment interest from February 11, 2026, is due and payable to Ameris from Young. This Complaint, in addition to previous demands, shall constitute further demand upon Young to pay the entire indebtedness due and owing from Jewels to Ameris under the terms of EFA No. 2.

48.     Under the terms of Guaranty No. 2, Young promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of EFA

9

No. 2 and Guaranty No. 2. Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Young.

## PRAYER FOR RELIEF

WHEREFORE, Ameris prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1.     The sum of $57,584.66;

2.     Prejudgment interest from March 15, 2026, to the date of entry of judgment;

3.     An order to recover possession of Collateral No. 1 which is the subject of EFA No. 1, or if Collateral No. 1 cannot be delivered, for its reasonable value according to proof;

4.     Reasonable attorneys' fees and costs;

5.     Costs of suit as provided by law; and

6.     Such other and further relief that the Court considers proper.

**On the Third and Fourth Causes of Action:**

1.     The sum of $62,272.81;

2.     Prejudgment interest from February 11, 2026, to the date of entry of judgment;

3.     An order to recover possession of Collateral No. 2 which is the subject of EFA No. 2, or if Collateral No. 2 cannot be delivered, for its reasonable value according to proof;

4.     Reasonable attorneys' fees and costs;

5.     Costs of suit as provided by law; and

//

//

//

//

10

Salisian LLP

COMPLAINT

6.     Such other and further relief that the Court considers proper.


DATED: April 8, 2026                    **SALISIAN LLP**


By: _____

Jared T. Densen
Neal S. Salisian
Patty W. Chen

*Attorneys for Plaintiff*
AMERIS BANK

11